[64 C.2d 884; 50 Cal.Rptr. 910, 413 P.2d 854]

[S. F. No. 22019.   In Bank.   May 10, 1966.]

DORIS R. THOMAS, Plaintiff and Appellant, v. G. E. GOULIS et al., Defendants and Respondents.

Ephraim Margolin, Marshall W. Krause, Arnold M. Greenberg, Richard A. Bancroft and Elliott Leighton for Plaintiff and Appellant.

John F. Duff, Richard G. Logan, Cyril A. Coyle, James S. DeMartini, Thomas Arata, William J. Bush, Peter J. Donnici, James T. McDonald, Richard B. Morris, Jack Greenberg, Robert M. O'Neil, Joseph B. Robison, Sol Rabkin, Duane B. Beeson, Seymour Farber, Robert H. Laws, Jr., Howard Nemerovski and John G. Clancy as Amici Curiae on behalf of Plaintiff and Appellant.

No appearance for Defendants and Respondents.

Gibson, Dunn & Crutcher, William French Smith, Samuel O. Pruitt, Jr., and Charles S. Battles, Jr., as Amici Curiae on behalf of Defendants and Respondents.

PEEK, J.—Plaintiff appeals from a judgment for defendants entered upon the granting of defendants' motion to strike plaintiff's complaint in an action for general and statutory damages under sections 51 and 52 of the Civil Code.[1]

Plaintiff sought to rent an apartment advertised for rental by defendants in May 1962. Her application was refused, and she claims that the sole reason for the refusal, as stated to her by one of the defendants, was the fact that she is a member of the Negro race. She thereupon commenced the instant action in the municipal court and, following a jury trial, recovered judgment in the amount of $1250, including $250 statutory damages as provided in section 52 of the Civil Code. Defendants' motion for a new trial was then granted after plaintiff refused to stipulate to the remittance of a portion of the award for general damages.

Following certification by the Secretary of State of the passage of Proposition 14 by the electorate of the State of California on November 3, 1964, and its incorporation into the Constitution as article I, section 26,[2] defendants moved to strike plaintiff's complaint on the ground that the constitutional amendment rendered sections 51 and 52 of the Civil Code inoperative. The motion was granted by a three-judge court which, in view of the importance of the questions involved and "serious doubts" entertained by the court as to the constitutionality of article I, section 26, recommended that the matter be appealed and that the appellate department of the superior court certify the matter to this court pursuant to rule 63, California Rules of Court. The matter is now before us after the judgment was affirmed by the appellate depart-

---

[1] Civil Code, section 51, provides as follows:

"All persons within the jurisdiction of this State are free and equal, and no matter what their race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

Section 52 of the Civil Code, provides as follows:

"Whoever denies, or who aids, or incites such denial, or whoever makes any discrimination, distinction or restriction on account of color, race, religion, ancestry, or national origin, contrary to the provisions of Section 51 of this code, is liable for each and every such offense for the actual damages, and two hundred fifty dollars ($250) in addition thereto, suffered by any person denied the rights provided in Section 51 of this code."

[2] Article I, section 26, of the Constitution provides in pertinent part:

"Neither the State nor any subdivision or agency thereof shall deny, limit or abridge, directly or indirectly, the right of any person, who is willing or desires to sell, lease or rent any part or all of his real property, to decline to sell, lease or rent such property to such person or persons as he, in his absolute discretion, chooses."

ment and certified as recommended. In so certifying the appellate department stated that the "sole question involved herein is the constitutionality of Article I, Section 26, of the Constitution of the State of California."

We have concluded today in *Mulkey* v. *Reitman, ante,* p. 529 [50 Cal.Rptr. 881, 413 P.2d 825], that article I, section 26, is an unconstitutional infringement on the Fourteenth Amendment and for that reason void in its entirety. In accordance therewith the motion to strike plaintiff's complaint in the instant case must be deemed to have been improperly granted, and the judgment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., and Burke, J., concurred.

WHITE, J.*—I dissent.

For the reasons stated in my dissent in *Mulkey* v. *Reitman, ante,* p. 545 [50 Cal.Rptr. 892, 413 P.2d 836], I would affirm the judgment.

McComb, J., concurred.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.